1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

## EASTERN DISTRICT OF CALIFORNIA

8

| | |
|---|---|
| 9  DAVONTAE HARVEY, | CASE NO. 1:-10-cv–01873-BAM PC |
| 10              Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO |
| 11       v. | STATE A CLAIM |
| 12  MARUICE JUNIOUS, | (ECF No. 1) |
| 13              Defendant. | THIRTY-DAY DEADLINE |
| 14  _____/ | |

15   **I.      Screening Requirement**

16          Plaintiff Davontae Harvey is a state prisoner proceeding pro se and in forma pauperis in this

17   civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the Court is the complaint, filed

18   October 8, 2010.  (ECF No. 1.)

19          The Court is required to screen complaints brought by prisoners seeking relief against a

20   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

21   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

22   "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks

23   monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

24          In determining whether a complaint states a claim, the Court looks to the pleading standard

25   under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and

26   plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

27   "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

28   demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v.

1

1  Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S.
2  544, 555, 127 S. Ct. 1955 (2007)).

3  **II.    Discussion**

4      Plaintiff is in the custody of the California Department of Corrections and Rehabilitation
5  ("CDCR") and is incarcerated at California State Prison, Corcoran.  Plaintiff brings this action
6  against Defendant Maurice Junious, Warden, seeking to be transferred to a CDCR facility out of
7  state or a federal prison.

8      Plaintiff fails to identify the federal right that he alleges is being violated by the failure to
9  transfer him out of state.  There is no substantive liberty interest in being housed in a particular
10 prison and an inmate has no right to incarceration in the prison of his choice.  Olim v. Wakinekona,
11 461 U.S. 238, 245, 103 S. Ct. 1741, 1745 (1983); White v. Lambert, 370 F.3d 1002, 1013 (9th Cir.
12 2004) (overruled on other grounds by Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010).  Neither
13 the initial decision assigning the inmate to a particular prison nor a subsequent transfer to a different
14 prison implicate the Due Process Clause.  Olim, 461 U.S. 244-45, 103 S. Ct. at 1745; Meachum v.
15 Fano, 427 U.S. 215, 224, 96 S. Ct. 2532, 2538 (1976); see Moody v. Daggett, 429 U.S. 78, 88 n.9,
16 97 S. Ct. 274, 279 (1976); Montanye v. Haymes, 427 U.S. 236, 242, 96 S. Ct. 2543, 2547 (1976).
17 Therefore, the failure to transfer Plaintiff to another prison does not state a claim for a violation of
18 due process.

19     Plaintiff states that he requests to be transferred due to the Governor's proclamation of
20 October 4, 2006, which recognized that overcrowding in the prisons threatens the health and safety
21 of prisoners and prison staff.  To the extent that Plaintiff attempts to allege a violation of the Eighth
22 Amendment he has failed to state a cognizable claim.  To prove a violation of the Eighth
23 Amendment the plaintiff must "objectively show that he was deprived of something 'sufficiently
24 serious,' and make a subjective showing that the deprivation occurred with deliberate indifference
25 to the inmate's health or safety."  Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations
26 omitted).  Deliberate indifference requires a showing that "prison officials were aware of a
27 "substantial risk of serious harm" to an inmates health or safety and that there was no "reasonable
28 justification for the deprivation, in spite of that risk."  Id. (quoting Farmer v. Brennan, 511 U.S. 825,

837, 844 (1994)).  Plaintiff's complaint is devoid of any factual allegations that prison officials were deliberately indifferent to his health or safety.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"  Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557).  Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.  Iqbal, 129 S. Ct. at 1949.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. (quoting Twombly, 550 U.S. at 555).

Government officials may not be held liable for the actions of their subordinates under a theory of *respondeat superior*.  Iqbal, 129 S. Ct. at 1948.  Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions.  Id. at 1948.  Plaintiff has failed to link Defendant Junious with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Finally, for each form of relief sought in federal court, Plaintiff must establish standing. Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010), *cert.denied*, 131 S. Ct. 503 (2010). This requires Plaintiff to "show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury."  Summers v. Earth Island Institute, 555 U.S. 488, 493, 129 S. Ct. 1142, 1149 (2009) (citation omitted); Mayfield, 599 F.3d at 969 (citation omitted).

In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a

particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."  18 U.S.C. § 3626(a)(1)(A).

**III.   Conclusion and Order**

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights.  Plaintiff is granted leave to file an amended complaint within thirty days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49.  "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.      Plaintiff's complaint, filed October 8, 2010, is dismissed for failure to state a claim upon which relief may be granted under section 1983;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

4

amended complaint; and

4.     If Plaintiff fails to file an amended complaint in compliance with this order, this

action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:    __December 13, 2011__          _____/s/ **Barbara A. McAuliffe**_____
                                                              UNITED STATES MAGISTRATE JUDGE